Louis Dennis v. State of Mississippi.

[50 South. 499.]

CRIMINAL LAW AND PROCEDURE. *Murder. Jury. Insanity of juror after beginning of trial. Effect. Mistrial. Course of procedure.*

Where in the progress of a prosecution for homicide, and after several witnesses had been examined, one of the jurors became insane, a mistrial should have been entered, a trial *de novo* granted and the defendant given the right to exercise the full number of peremptory challenges allowed by law.

FROM the circuit court of Madison county.

HON. WILEY H. POTTER, Judge.

Dennis, appellant, was indicted by the grand jury of, second district, Hinds county for the murder of one John T. White, was tried, convicted and sentenced to suffer death. He appealed to the supreme court and the conviction was reversed and a new trial granted. See *Dennis v. State,* 91 Miss. 221.

After the reversal of the conviction he applied for bail and the chancellor granted the application. The state appealed to the supreme court from the judgment allowing bail, but the judgment was affirmed. See *Ex parte Louis Dennis,* 91 Miss. 857.

Thereafter a change of venue was granted transferring the cause from the circuit court of, second district, Hinds county

to the circuit court of Madison county, where defendant was again tried and convicted of manslaughter, and defendant again appealed to the supreme court—the present appeal. The facts are fully stated in the opinion of the court.

*Williamson & Wells* and *W. J. Croom,* for appellant.

There is no statute in this state which authorized the court to adopt the course which it did, over the special objection of the defendant, and the question must therefore be determined by the principles of the common law; and authorities from the American courts construing special statutes have no application here.

In a recent case decided by the supreme court of Florida, in 1900, the precise question involved here was before the court and the following language was used:

"The common law rule is that in a trial for felony, if a juror, the judge or the prisoner, become incapacitated by illness or death, after the jury is empanelled and sworn in chief, the proper course to pursue is to declare a mistrial, and begin *de novo.* In the case of a juror falling ill after being sworn in chief, there is no impropriety in utilizing the remaining eleven on the new trial, but they should be re-tendered to the prisoner, and re-sworn, and the defendant has a right to his full complement of peremptory challenges just as though there had been no prior empanelment of a jury in his cause, and he has the right to peremptorily challenge any of the eleven first chosen upon their re-tender to him."

"Some of the American courts hold that in such cases the discharge of one juror after being sworn, but before any evidence is introduced, does not necessitate the discharge of the remaining eleven, nor the beginning of the trial *de novo;* but such holdings are planted upon special statutory enactments and have no force as authority here where there is no such statute and where the common law prevails." *West v. State* (Fla.), 28 South. 430.

If the judicial determination of the point involved, by the Florida court, is worth anything, it would seem that we need to cite the court to no other authority, since this is clear, emphatic, and decides the precise question.

In the case at bar, the trial had proceeded for three days and the jury had not only been sworn in chief, but numerous witnesses had testified, before the jury. In the selection of the jury, the defendant had exercised ten of the peremptory challenges allowed him by the statute. One of the jurors became insane during the progress of the trial. The defendant thereupon moved the court to declare a mistrial, discharge the jury and give him a trial *de novo,* which motion was overruled. The court discharged the insane juror and proceeded to substitute another juror in his place. The remaining eleven jurors were never re-tendered to the defendant. Thereupon the defendant moved the court to allow him to exercise his right of challenge as to the eleven jurors remaining, which motion the court overruled. Thereupon the defendant moved the court to be allowed his twelve peremptory challenges in the selection of the one juror to be substituted for the insane juror and this motion was overruled, and the defendant was compelled to proceed to the selection of the substituted juror, and was only permitted to exercise two peremptory challenges, which remained to him from the former trial.

All of this was done over the objection of the defendant, not interposed in a general way, but specially, and special bills of exception were taken to the action of the court.

In pursuing this course, the lower court violated every rule of the common law on this subject, and, there being no statute in this state which authorized such a course, it was in violation of law, and denied to the defendant his rights under the law.

As upholding our contention in this matter, we cite the court to the following eminent text book authorities: Thomp. and Mer. Juries, sec. 273 and citations! Proffatt Jur. Trials, Chap. 11, sec. 487; Thompson on Trials, vol. 1, sec. 90 and citations;

1 Bish. New. Crim. Law, sec. 1014; *Kinloche's case,* Fost. Cr. Law, 16; *Weddenheimer's case,* Fost. Cr. Law, 22.

In further support of our contention we cite the following: *United States v. Haskell,* 4 Wash. C. C. 402, Fed. Cases No. 15,321; *State v. Vaughn,* 23 Nev. 103; *Garner v. State,* 5 Yerg. (Tenn.) 160; *State v. Curtis,* 5 Humph. 601; *Commonwealth v. Knapp,* 20 Amer. Dec. 534; *Jackson v. State,* 51 Ga. 402; *Stirling v. State,* 15 Tex. App. 249; *State v. Scruggs,* 115 N. C. 805; *Commonwealth v. McCormick,* 130 Mass. 61.   In the *Jefferson case,* 52 Miss. 767, this court gave as some of the reasons for refusing to disturb the judgment that the objection taken was general.   In the instant case it was special.

The accused in *Jefferson's* case did not claim at the time a continuance of the trial.   In this case the defendant did make this claim.   Jefferson did not claim the privilege of re-challenging the other eleven jurors.   In this case the defendant did claim this privilege and it was denied to him.   All of these things which Jefferson did not do whereby his case was affirmed, the defendant in this case did do, whereby his case should be reversed, upon the authority of the *Jefferson case.*

The lower court further erred in the so-called new trial, which was claimed to have been given in this—the same witnesses were not re-introduced, and the record in this case presents the curious anomaly of a conviction where eleven of the jurors heard the testimony of several witnesses whose testimony was not heard at all by one member of the jury.

*George Butler,* assistant attorney-general, and *Robert N. & Hugh B. Miller,* for appellee.

Defendant insisted that when the insane juror was taken off that the trial should be begun over again, a new venire drawn, and an entirely new jury empaneled, but the court declined to do so and proceeded to substitute a juror in place of the insane juror.

Every single, solitary witness who testified to any material

fact was re-introduced from the beginning.   After the substitution of the new juror, the state began the evidence anew, and went over it all again.

When the first jury, including the man who became insane, had been completed, the defendant still had two peremptory challenges left, and was therefore in the attitude of having accepted voluntarily all twelve of the jury including the man who became insane; not a singe one of them had been forced on him over his ojection, and he had two challenges left.

When the insane man was set aside the court held that the other eleven having been accepted, there was no reason why they should be set aside, and the case begun *de novo* as to the jury, and this ruling of the court is the only question that admits of cavil in the case.

This judgment ought not to be reversed on this account if there has been no injustice or prejudice to the defendant by this action of the court.   It appears that the court asked each of the remaining eleven jurors if he had discussed the case in the presence of his fellows or said or done any thing to influence the verdict in any way, and each answered that he had not.

A statute is unnecessary to authorize the court to pursue the one course or the other, either discharge the whole panel or substitute one juror, where the utter incapacity of one juror occurs.   If it be a question of power, then the statute would do no good, because the court has the power to direct and control all matters of procedure in the case.   If the court hasn't the power then the statute could not give it the power under the constitution.

This matter is a mere question of procedure.   It has been uniformly held, that where the incompetency of a juror occurs, either before or after evidence has been introduced, the court has power to discharge the jury entirely, in such case, and begin the trial *de novo*.   There is not a modern authority that can be cited holding to the contrary.   Lord Coke announced the law to be that a jury once sworn could never be discharged

without a verdict. And the result of this doctrine, caused the jury to be hauled about in carts until they agreed. Nobody professes that this is now the law in any civilized land.

Whether or not, after evidence has been heard, the whole jury should be discharged and a new one organized, or one single juror should be substituted, is, as held by a number of authorities, a matter resting in the discretion of the court; and the exercise of that discretion is reviewable when it appears that in adopting either procedure the court has done something prejudicial to the rights of the defendant. The true answer to the ancient rule is sec. 22, Constitution of 1890.

It must be conceded that the rule is absolutely universal that where the disqualification of a juror appears, as by sickness, death or insanity, or any other cause which incapacitates the juror, before evidence is introduced, the court may arbitrarily substitute another juror. See *Jefferson's case,* 52 Miss. 767; *Robert's case,* 72 Miss. 728.

In this last case one witness had actually been examined and the defendant refused to consent to the discharge of the juror, and the substitution of another.

If this power of the court be conceded, then, why has'nt the court the power to substitute a juror after evidence has been introduced? No possible injustice could come to the defendant, if the power was exercised in a manner in no respect prejudicial to his rights.

Surely the power to substitute a juror and go on with the other eleven and a new juror cannot be reversible error, although an improper exercise of the power be granted.

On the question of the right to substitute a juror, the authorities are divided, but none hold that substitution of an individual juror is reversible error.

17 Am. & Eng. Ency. of Law, 1258, states the rule thus: "Where owing to illness or death of a juror it is impossible to proceed with the case, it is proper for the court to discharge the jury; and this may be done though the statute authorizes

the substitution of another juror for the one incapacitated to serve. In some jurisdictions the practice is to discharge only the juror incapacitated and to substitute another in his place. Whether the single juror or the jury as a whole shall be discharged, is apparently a matter within the discretion of the court."

In support of the text, in notes 3 and 4, a vast array of authority is cited from England and from our own courts. To the same effect is the text on page 1260, where a large number of authorities are cited and the court will observe that the author of the Encyclopedia quotes our own cases of *McGuire v. State; Jefferson v. State* and *Roberts v. State,* as committing this court to the doctrine that it is within the discretion of the court to substitute one juror rather than discharge the whole jury.

This authority states, that there are three different views on this question held in the courts of this country;—some holding that the entire jury must be discharged when one is disqualified after evidence taken; others that the court has power to substitute one juror in such case and go on, and others that the whole subject is a matter within the discretion of the trial court. 17 Am. & Eng. Ency. Law. 1260, and notes.

Argued orally by *Ben. H. Wells,* for appellant.

WHITFIELD, C. J., delivered the opinion of the court.

In the case at bar the trial had proceeded for three days, and the jury had not only been sworn in chief, but numerous witnesses had testified before the jury. In the selection of the jury the defendant had exercised ten of the peremptory challenges allowed him by the statute. One of the jurors became insane during the progress of the trial. The defendant thereupon moved the court to declare a mistrial, discharge the jury, and give him a trial *de novo,* which motion was overruled. The court discharged the insane juror and proceeded to substitute

another juror in his place. The remaining eleven jurors were never retendered to the defendant. Thereupon the defendant moved the court to allow him to exercise his right of challenge as to the eleven jurors remaining, which motion the court overruled. Thereupon the defendant moved the court to be allowed his twelve peremptory challenges in the selection of the one juror to be substituted for the insane juror, and this motion was overruled, and the defendant was compelled to proceed in the selection of the substituted juror, and was only permitted to exercise two peremptory challenges, which remained to him from the former trial. All of this was done over the objection of the defendant, not interposed in a general way, but specially, and special bills of exception were taken to the action of the court. This was fatal error. See Thomp. & Mer. Juries, 273, and citations; Proffatt, Jur. Trials, p. 487, c. 11; 1 Thompson on Trials, 90, and citations; 1 Bish. New Crim. Law, 1014; *Kinloche's case,* Fost. Crim. Law, 16; *Weddenheimer's case,* Fost. Crim. Law, 22; also *United States v. Haskell,* 4 Wash. C. C. 402, Fed. Cas. No 15,321; *State v. Vaughn,* 23 Nev. 103, 43 Pac. 193; *Garner v. State,* 5 Yerg. (Tenn.) 160; *State v. Curtis,* 5 Humph. (Tenn.), 601; *Commonwealth v. Knapp,* 10 Pick. (Mass.) 477, 20 Am. Dec. 534; *Jackson v. State,* 51 Ga. 402; *Sterling v. State,* 15 Tex. App. 249; *State v. Scruggs,* 115 N. C. 805, 20 S. E. 720; *Commonwealth v. McCormick,* 130 Mass. 61, 39 Am. Rep. 423. In the *Jefferson case,* 52 Miss. 767, this court gave as some of the reasons for refusing to disturb the judgment, that the objections taken were general. In the instant case they were special. The accused did not claim at the time a continuance of the trial. In this case the defendant did make this claim. Jefferson did not claim the privilege of re-challenging the other eleven jurors. In this case the defendant did claim this privilege, and it was denied to him. All of these things which Jefferson did not do, whereby his case was affirmed, the defendant in this case did do.

The lower court further erred in the so-called new trial,

which was claimed to have been given in this: The same witnesses were not introduced, and the record in this case presents the curious anomaly of a conviction where eleven of the jurors heard the testimony of several witnesses, whose testimony was not heard at all by one member of the jury. In this state there is no statute on this subject, and the common law, of course, prevails. Under the common law there is no room for discussion. The court should have begun *de novo,* and the defendant should have had the whole jury, as reconstituted for the new trial, tendered to him, with the right to exercise all his challenges given him by the law. We approve the statement of the true doctrine on this subject in the opinion of the supreme court of Florida in *West v. State,* 42 Fla. 244, 28 South. 430, where that learned court say: "The common-law rule is that in a trial for felony, if a juror, the judge, or the prisoner, becomes incapacitated by illness or death, after the jury is impaneled and sworn in chief, the proper course to pursue is to declare a mistrial and begin *de novo.* In the case of a juror falling ill after being sworn in chief, there is no impropriety in utilizing the remaining eleven on the new trial; but they should be retendered to the prisoner and resworn, and the defendant has a right to his full complement of peremptory challenges, just as though there had been no prior impanelment of a jury in his cause, and he has the right to peremptorily challenge any of the eleven first chosen upon their retender to him. Some of the American courts hold that in such cases the discharge of one juror after being sworn, but before any evidence is introduced, does not necessitate the discharge of the remaining eleven, nor the beginning of the trial *de novo;* but such holdings are planted upon special statutory enactments, and have no force as authority here, where there is no such statute and where the common law prevails."

We pass upon no other point in this case.

*Reversed and remanded.*