CANTRELL, et al. *v.* BURGESS, et al.

No. 39407          December 20, 1954          76 So. 2d 373

*Snow & Covington,* Meridian, for appellant.

496

*Miller & Adams,* Meridian, for appellee.

498

HALL, J.

This is a suit for damages arising because of the death
of Harvey Burgess, which occurred in a collision be-

tween a large transport truck which he was driving as an employee of Columbus Canning Company, loaded with canned dog food, and a large transport truck driven by Alvin A. Cantrell as an employee of Green Truck Lines, Incorporated. The collision took place on U. S. Highway 11 at Petal, Mississippi, at a point about one-half mile north of the city limits of Hattiesburg. The highway runs in a northerly and southerly direction. The road makes a sweeping curve about one-half mile in length and this curve negotiates a total angle of approximately 90 degrees. Both trucks were traveling south. The truck of appellants had entered this curve and according to the overwhelming weight of the testimony had stopped in the traveled portion of the highway. Deceased entered the curve behind appellant's truck and after he had made an effort to avoid the truck stopped in the highway the truck which deceased was driving crashed into the left rear of appellant's truck and caught fire and burned. There was a judgment in favor of the plaintiffs for $25,000.00, from which this appeal is prosecuted.

Numerous errors are assigned but none of them have sufficient merit to warrant a discussion except one, which arose in the selection of the jury. On the voir dire examination the juror Buckwalter advised that he was related to one of the attorneys for plaintiff. Counsel for defendant, having exhausted their peremptory challenges, demanded the right to challenge this juror for cause and the trial judge refused that privilege, stating that he thought the juror was competent. It appears from the evidence taken outside the hearing of the jury that the attorney in question was representing the insurance company which carried the workmen's compensation liability for Columbus Canning Company and was paying death benefits according to the compensation act to the widow and minor child of the deceased. Under Section 30 of the Act the insurer was entitled to subrogation for the amounts paid out of any recovery, and its

counsel was handling the matter on a contingent basis and was financially interested in the outcome of the case. In numerous cases we have held that any party is entitled to a fair and impartial jury. The identical question was presented in the case of Mississippi Power Co., et al. v. Stribling, 191 Miss. 832, 3 So. 2d 807, wherein the Court said:

"In considering this question it should be borne in mind that the plaintiff's attorneys in this case were parties in interest, although not nominal parties. They had the same character of interest as the plaintiff in the case. Section 31 of the Constitution provides among other things that the right of trial by jury shall remain inviolate. It is the duty of the court to see that a competent, fair, and impartial jury is empaneled. McCarty v. State, 26 Miss. 299; Garner v. State, 76 Miss. 515, 25 So. 363; Davis v. Searcy, 79 Miss. 292, 30 So. 823; Ferriday v. Selser, 4 How. 506, 5 Miss. 506; Hubbard v. Rutledge, 57 Miss. 7; Louisville R. Co. v. Mask, 64 Miss. 738, 2 So. 360; Berbette v. State, 109 Miss. 94, 67 So. 853; Dennis v. State, 96 Miss. 96, 50 So. 499, 25 L. R. A. (N. S.) 36; Cody v. State, 3 How. 27; Mississippi Public Service Company v. Collier, 183 Miss. 271, 183 So. 379; Wilbe Lumber Co. v. Calhoun, 163 Miss. 80, 81, 140 So. 680. This action of the court was error. A lawyer's duties are not confined alone to serving his clients. He is an officer of the court and as such is called on to do and say whatever is necessary to promote the fair administration of justice."

In 50 C. J. S. page 958, Juries, Section 219, it is said: "In the absence of a statute to the contrary, it has generally been held that a juror is not disqualified because he is related to counsel in a civil action, except where such attorney is directly interested in the event of the action."

▇▇▇ The attorney for the insurance carrier participated throughout in the trial of this case and after the verdict filed a petition for subrogation in favor of his

client and for the allowance of a fee. We think it is shown beyond question that he was interested in the outcome of this case and in fairness and justice the defendant should not have been compelled to accept a juror who was related to the attorney under these circumstances.

For the error indicated the judgment will be reversed and the cause remanded.

Reversed and remanded.

*Roberds, P. J.,* and *Kyle, Holmes* and *Gillespie, JJ.,* concur.