GREEN TRUCK LINES, INC. *v.* HOOPER, et al.

No. 40858          June 9, 1958          103 So. 2d 443

*Snow & Covington,* Meridian, for appellant.

796

*Sams & Jolly,* Columbus; *L. F. Sams,* West Point, for appellees.

LEE, J.

Green Truck Lines, Inc. sued James F. Hooper and W. Pratt Thomas, doing business as Columbus Canning Company, and Columbus Canning Company, a corporation, to recover for property damage to its truck-trailer unit and the cargo, proximately caused, as it was charged, by the negligence of the defendants in the operation of one of their truck-trailer units.

The damage resulted when the unit of the defendants, driven by Harvey Burgess, in the early morning of June 29, 1953, ran into the back of the plaintiff's unit, driven by Alvin A. Cantrell, on U. S. Highway No. 11 near Hattiesburg, Mississippi. The pleadings presented, as the issue for determination, which of the truck drivers, namely, Cantrell or Burgess, was responsible for the collision of the two vehicles. The jury found a verdict for the defendants; and from the judgment entered, the plaintiff appealed.

According to Cantrell's version, he checked his lights and tires thoroughly at Laurel that morning before starting south on his trip. The head, side, tail and stop lights received their electric current from the motor, and all of them were burning. The reflectors were in good order, as well as everything else. He purposed to stop at Two-Acre Truck Stop and call the warehouse in Hattiesburg so that it would be open when he arrived there. His speed had been about forty-five miles an hour, but he took his foot off of the accelerator and was slowing down preparatory to making a left-hand turn into the stop, which was located on the east side of the highway. He was in his proper lane. At the time, his headlights were burning. He looked in his mirror and saw lights behind him. The next thing he knew, his vehicle was rammed from behind. The impact jammed both trucks together, and they moved only fifty-five feet after the impact. He estimated that, after slowing down, he traveled about one hundred and twenty-five feet before his vehicle was

struck. He denied that a woman was walking along the side of the road and that he slowed down and stopped when he got near her. He also denied that there was room enough for him to pull off onto the shoulder and stop.

D. H. Temple, the operator of Wilson's Texaco Truck Stop, about a quarter of a mile from the scene of the collision, said that he saw the plaintiff's truck as it passed, and that its speed was thirty to thirty-five miles an hour; that it was in its proper lane; and that the lights were burning, but those on the back were very dim. He also saw the truck of the defendants as it passed about one hundred and fifty or two hundred yards behind the unit of the plaintiff. He admitted that, owing to the half-moon curve in the road, the lights at that point shone more to the left than on the road, and that the shoulders were wide enough to afford ample room for a truck to pull off and stop on them.

Connie Gibson, a night watchman and a deputy sheriff, testified for the defendants that he was seventy-five or eighty feet from the place of the collision and saw what occurred. He had been at the Two-Acre Truck Stop, and had seen a woman, a Mrs. McLemore, pass that place, walking down the highway. He saw the plaintiff's truck pull up beside the woman and stop in the right lane. He said that he had testified in the other court that the truck remainded there two or three minutes, but that the time might have been more or less. The head and cab lights of the plaintiff's truck were burning, but he could not see the back of the truck. However, it had no blinkers at all. The plaintiff's truck had slowed down for a distance of three hundred feet before it stopped. He heard the truck of the defendants coming and said that its brakes were "crying" just before the collision. He heard Cantrell tell the highway patrolman he was driving about thirty or thirty-five miles an hour when his truck was hit.

J. P. Bond, a highway patrolman, said that Cantrell told him that he was driving thirty or thirty-five miles an hour when his truck was hit. This witness described the road as being "a sweeping half-moon curve" to the right, and he estimated the distance from the place of the collision of the Two-Acre Truck Stop at seven hundred and fifty to eight hundred feet.

Several photographs of the area were introduced in evidence. Other witnesses testified, but their evidence was of little, if any, value. Burgess, the driver of the defendants' truck, was killed in the collision.

The appellant assigns and argues that the court should have set aside the verdict of the jury and granted its motion for a new trial because the verdict was contrary to the law and the evidence; that the defendants were guilty of negligence, as a matter of law, particularly in violating Sections 8176 3 (b), 8183 (a) and 8188 (b), Code of 1942 Recompiled; and that the instructions for the defendants were erroneous. Counsel cite a large number of cases which, they contend, are decisive in the appellant's favor.

The case of Cantrell, et al. v. Burgess, et al., 222 Miss. 494, 76 So. 2d 373, was a suit by the widow and children of Harvey Burgess against the appellant and its driver, Cantrell, to recover damages for the death of Burgess, occasioned, it was charged, by the negligence of the appellants at the same time and place here in question. The opinion observed that the weight of the evidence showed that the appellants' truck had stopped in the traveled portion of the highway in this curve, and that Burgess, after making an effort to avoid the stopped truck, crashed into its rear. Although the appellants there assigned a number of grounds for reversal, including error in refusing their requested peremptory, in giving certain instructions for the appellees, in refusing requested instructions for the appellants, and in ignoring the question of proximate cause, the Court said: "Num-

erous errors are assigned but none of them have sufficient merit to warrant a discussion except one, which arose in the selection of the jury." The cause was reversed for the sole reason that the trial court declined to excuse a juror, who was related to one of the attorneys for the plaintiffs.

If the statement of the facts in Cantrell v. Burgess, supra, is compared with what has been said above, it will be readily seen that the facts, in both cases, are substantially the same.

■■■ Manifestly, the verdict of the jury in the present case was not contrary either to the law or to the evidence.

■■■ The court did not err in refusing to charge the jury that Burgess, as a matter of law, was guilty of contributory negligence. "All questions of negligence and contributory negligence shall be for the jury to determine." Section 1455, Code of 1942 Recompiled; Brewer v. Town of Lucedale, 189 Miss. 374, 198 So. 42; Gulf Refining Company v. Brown, 196 Miss. 131, 16 So. 2d 765; Davidson v. McIntyre, 202 Miss. 325, 32 So. 2d 150. The following cases are particularly applicable to the facts here: Planters Wholesale Grocery v. Kincade, 210 Miss. 712, 50 So. 2d 578; Continental Southern Lines v. Williams, 226 Miss. 624, 85 So. 2d 179; Posey v. Weatherspoon, 227 Miss. 189, 85 So. 2d 908; Mathews v. Thompson, 231 Miss. 258, 95 So. 2d 438.

The seven instructions on the merits, which were given for the plaintiff, pointed out the duty of the operator of a motor vehicle to keep a proper lookout, to have his vehicle under control, and to operate the same at such rate of speed as is reasonable and so as to be able to stop within the range of his vision and to be able to avoid a collision.

The four instructions on the merits, which were given for the defendants, hinge largely on the contention that the plaintiff's truck negligently stopped in the traveled

portion of the highway, without the exercise of reasonable care to give notice thereof, as provided by law, and when the same was unnecessary or impracticable.

■■■ When all of the instructions are read and considered together, as must be done, ■■■ ■ they focused the attention of the jury on the real issue in the case, namely, whether the plaintiff's truck was overtaken from behind, run into, and damaged by the negligence of Burgess in operating his truck without proper control, without keeping a proper lookout, and at a negligent rate of speed, or whether Cantrell negligently stopped his truck on the half-moon curve in the right lane of the pavement when it was unnecessary and impracticable to do so, and, if so, whether such negligence was the sole, proximate cause of the collision. While imperfections may be found in the instructions, there was no defect of sufficient gravity to constitute reversible error.

It follows, therefore, that the judgment of the trial court should be, and is, affirmed.

Affirmed.

*McGehee, C. J.,* and *Hall, Holmes* and *Ethrdge, JJ.,* concur.