331 F.2d 711
 LUMBERMENS MUTUAL CASUALTY COMPANY, Appellant,
v.
Mrs. Rosemary NOLAN, wife of, and Marcus Johnson, Appellees.
Mrs. Rosemary NOLAN, wife of, and Marcus Johnson, Appellants,
v.
FIDELITY & CASUALTY COMPANY OF NEW YORK et al., Appellees.
 No. 21019.
 United States Court of Appeals Fifth Circuit.
 May 13, 1964, Rehearing Denied June 10, 1964.
 
 Robert E. Leake, Jr., Hammett, Leake & Hammett, New Orleans, La., for Lumbermens Mut. Cas. Co.
 Christovich & Kearney, A. R. Christovich, Jr., New Orleans, La., for Fidelity and Cas. Co. of New York.
 Louis C. Philips and Felicien P. Lozes, New Orleans, La., for Mrs. Rosemary Nolan Johnson.
 Before RIVES and JONES, Circuit Judges, and BOOTLE, District Judge.
 JONES, Circuit Judge.
 
 
 1
 A collision occurred at the intersection of Veterans Highway and Green Acres Road, in Metairie, Louisiana, a suburb of New Orleans, between a Chevrolet sedan, insured by Lumbermens Mutual Casualty Co. and driven by Mrs. Gloria Collins Baudier, wife of its owner, and a dump truck, owned and operated by Lloyd Berthelot and insured by Fidelity & Casualty Company of New York. Rosemary Nolan Johnson, a passenger in the Baudier car, was injured and an action was brought by her against the two insurance companies, asserting that both drivers were negligent and that their negligence caused her injuries. In response to interrogatories the jury found that each of the drivers was negligent, that the negligence of Berthelot was not a proximate cause of the accident, that the negligence of Mrs. Baudier was a proximate cause of the accident, and that Mrs. Johnson sustained damage of $20,000. From a judgment against it on the verdict, Lumbermens Mutual has appealed. Mrs. Johnson has taken a protective appeal from the judgment in favor of Fidelity & Casualty Company.
 
 
 2
 Three of the five specifications of error charged by Lumbermens Mutual relate to instructions, and by two of these it is contended there was no evidentiary predicate for the instructions given. In resolving such questions the reviewing court will look to the evidence in its entirety and to the instructions as a whole. So doing, we conclude that the evidence before the jury fully justified the instructions based thereon.
 
 
 3
 The appellant makes a specific attack upon the court's instruction as to the pre-emption of an intersection by a vehicle first entering it, claiming that the instruction given does not apply to controlled intersections. Perhaps the appellant's complaint would have merit if the part of the charge to which objection is made could be isolated and considered without reference to other portions of the instructions. Reading together all that the district court told the jury with respect to the rights of vehicles and their operators at or approaching a street or highway intersection, we find no inconsistencies but rather a full and comprehensive statement of the applicable law as it has been declared by the appellate courts of Louisiana.
 
 
 4
 Lumbermens Mutual asks for a reversal of the judgment against it on the ground that, under the facts of this case, the negligence of the truck driver, Berthelot, found by the jury, was a proximate cause of the accident as a matter of law. If the facts be as Lumbermens Mutual outlines them the result for which it contends may be required. But the evidence is such as to permit a different version and to support the verdict as the jury has returned it.
 
 
 5
 And, finally, the insurer of the Baudier vehicle contends that the evidence shows that Mrs. Baudier was not negligent and a verdict for it should have been directed. But here again we need only say that the evidence was in conflict and such as allowed different inferences to be drawn. Nothing here requires or will permit an interference with the fact determinations of the jury.
 
 
 6
 Since we affirm the judgment of the district court as to Lumbermens Mutual, it follows that we do not need to consider the appeal of Mrs. Johnson from the judgment in favor of Fidelity & Casualty Company.
 
 The judgment of the district court is
 
 7
 Affirmed.