**BILL HUNTER TRUCK LINES, INC.,**
Appellant,

v.

**William K. JERNIGAN, Appellee.**

**No. 24190.**

United States Court of Appeals
Fifth Circuit.

Oct. 23, 1967.

Jerome B. Steen, Jackson, Miss., for appellant.

Francis S. Bowling, Jackson, Miss., Jere Austill, Jr., Mobile, Ala., for appellee, Austill, Austill & Austill, Mobile, Ala., Crisler, Crisler & Bowling, Jackson, Miss., of counsel.

Before RIVES, GOLDBERG and AINSWORTH, Circuit Judges.

RIVES, Circuit Judge:

This appeal is from a judgment for the plaintiff for $7500.00, as damages resulting from a collision between defendant's truck-trailer unit and the rear of plaintiff's automobile. The complaint charged that the truck operator was not keeping a reasonable lookout and was operating his vehicle at a negligent rate of speed. The collision occurred on a Mississippi highway shortly after plaintiff's automobile had passed defendant's truck, when plaintiff slowed down to avoid hitting an automobile stopped in his lane of traffic. A disputed issue of fact concerned the amount of time and distance that had elapsed between the

automobile's passing the truck, and the collision. The amount of damages suffered by plaintiff also was in controversy.

The applicable Mississippi statute provided:

"The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway." Miss. Code Recomp. 1942 § 8188(a) (amended 1962).

The district judge gave a complete and lengthy set of instructions to the jury. Included was the following:

"You are instructed for the plaintiff that it was the duty of the driver of the defendant's truck to at all times maintain a reasonably safe and proper distance between his vehicle and any vehicle proceeding in front of his truck. It was his duty to anticipate that preceding vehicles would slow or would stop on the highway and it was his duty to so operate his truck that he could bring it under control and stop it before striking any vehicle that was being brought to a stop in a reasonable manner in front of him.

"You are further instructed for the plaintiff that it was the duty of the driver of the defendant's truck to keep the truck under reasonable control at all times and to take reasonable precautions commensurate with the type of vehicle and load thereon and it was his duty to at all times keep a reasonable and proper lookout for other vehicles using the highway and it was his duty at all times to drive his truck

so that he could stop it within the range of his vision."

■ The appellant urges that the first paragraph of the instructions quoted above established a standard of absolute liability for the truck driver's actions. The cases cited on this appeal as illustrating the purported absolute liability effect of the court's instruction are not helpful, for those cases involved instructions which, on their face, did clearly set an absolute liability standard.[1] The court's instructions must, of course, be read and considered in their entirety.[2] The district judge so instructed the jury. The second paragraph of the instructions quoted above makes plain the standard of reasonableness by which the truck driver's behavior was to be evaluated. Further, the district court elsewhere instructed the jury that they were to consider whether the plaintiff had violated his own responsibility to look back of him when stopping.

■ Appellant also urges that the verdict is excessive, indicating bias and prejudice. It is argued that the jury failed to apply the comparative negligence standard, required by Mississippi law,[3] in computing the monetary amount of its verdict. The court instructed the jury in accord with the Mississippi statute. We must assume that the jury did consider the effect of any contributory negligence in reaching the amount of its verdict.

On the basis of the record of the testimony given at the trial and of the instructions given by the district court, we find no reversible error.

Affirmed.

1. See Bryan Bros. Packing Co. v. Grubbs, 1964, 251 Miss. 52, 168 So.2d 289; Mills v. Balius, 1965, 254 Miss. 353, 180 So. 2d 914; Parks v. Stevens, 1967, Miss., 194 So.2d 498.

2. Green Truck Lines v. Hooper 1958, 233 Miss. 794, 103 So.2d 443.

3. See Mississippi Code Recomp. 1942 § 1454.