**Mrs. Delores McDANIEL and Mrs. Alice Morris, Appellants,**

v.

**Oscar H. SLADE, Appellee.**

No. 26039.

United States Court of Appeals
Fifth Circuit.

Dec. 9, 1968.

**608**

William E. Andrews, Jr., Purvis, Miss., Carroll H. Ingram, Zachary & Weldy, Hattiesburg, Miss., for appellants.

M. M. Roberts, Hattiesburg, Miss., for appellee.

Before WISDOM, THORNBERRY and GOLDBERG, Circuit Judges.

PER CURIAM:

This is an automobile collision case occurring at the intersection of Newman and Agnes Streets in Hattiesburg, Mississippi. Agnes is a through street. Newman has a stop sign at its intersection with Agnes. On December 28, 1966, at about three o'clock in the afternoon, Alice Morris, the driver of plaintiffs' automobile, and Delores McDaniel, her co-occupant were proceeding in their car down Newman Street. As they entered the intersection with Agnes, their vehicle was struck by the automobile of Mr. Oscar Slade, then traveling in a northwesterly direction along Agnes Street. Subsequent to the collision, Mrs. Morris and Mrs. McDaniel brought this suit against Slade.

At trial there was conflicting testimony as to whether or not Mrs. Morris stopped before entering the intersection and as to whether or not Slade failed to accord the ladies the right of way under circumstances that would impose such a duty upon him. The jury heard this conflicting testimony and wrote its version of events by a verdict for Slade. We affirm.

Appellants challenge the jury verdict alleging that it is against the weight of the evidence. We answer this objection by referring to the words of Judge Tuttle in Planters Manufacturing Co. v. Protection Mutual Insurance Company, 5 Cir.1967, 380 F.2d 869, 874, cert. denied, 389 U.S. 930, 88 S.Ct. 293, 19 L. Ed.2d 282 wherein the Court stated:

> "It is only when there is a *complete absence* of probative facts to support the conclusion reached that the jury's judgment may be ignored."

We find no such deficiency in the case at bar. The jury found the factual verities and we see no reason in law or in fact to interpose conflicting ones. Atlantic & Gulf Stevedores v. Ellerman Lines, 1962, 369 U.S. 355, 82 S.Ct. 780, 7 L.Ed.2d 798; Grey v. First National Bank in Dallas, 5 Cir.1968, 393 F.2d 371; Liberty Mutual Insurance Co. v. Falgoust, 5 Cir.1967, 386 F.2d 248; United States v. Kalmutz, 5 Cir.1962, 309 F.2d 437; Kilgore v. Criddle, 1962, 243 Miss. 713, 139 So.2d 870.

Appellants also impugn the charge of the court. We have read it and it contains no fatal fallibility. A jury charge is comprehensive and ought not to be read in fragments. Our scrutiny of the district court's instructions must be orbitary and universal, not narrow and monocular. In the present instance the charge of the trial court, when viewed in its full context, fairly presented the law to the jury and is not rightfully subject to impugnment. Bill Hunter Truck Lines, Inc., v. Jernigan, 5 Cir.1967, 384 F.2d 361; Nolan v. Greene, 6 Cir.1967, 383 F.2d 814; Bankers Life & Casualty Co. v. Goodall, 5 Cir.1966, 368 F.2d 918; Lumbermens Mutual Casualty Co. v. Nolan, 5 Cir. 1964, 331 F.2d 711; Odekirk v. Sears Roebuck & Co., 7 Cir. 1960, 274 F.2d 441, cert. denied, 362 U.S. 974, 80 S.Ct. 1060, 4 L.Ed.2d 1011; Danner v. Mid-state Paving Co., 1965, 252 Miss. 776, 173 So. 2d 608; Mitchell-Davis Distributing Co. v. McDonald, 1955, 223 Miss. 573, 78 So. 2d 597.

We find no support for appellants' contention that the verdict of the jury resulted from "passion, bias and prejudice" which would justify a new trial.

Affirmed.