**AIRPORT GROVE CORP. OF POLK COUNTY, and other related corporations, Plaintiffs-Appellants,**

**v.**

**UNITED STATES of America, Defendant-Appellee.**

**No. 29381**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Sept. 3, 1970.

William R. Frazier, Jacksonville, Fla., for plaintiffs-appellants.

John L. Briggs, U. S. Atty., Tampa, Fla., Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, Atty., Tax. Div., Dept. of Justice, Washington, D. C., for defendant-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

---

* Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5th Cir., 1970, 431 F.2d 409, Part I [No. 29278, August 14, 1970].

**740**

PER CURIAM:

 Appellant corporations appeal from the judgment of the District Court upholding the Commissioner's disallowance of their surtax exemptions because of its finding that the principal purpose of the formation of the corporations was to obtain the benefits of multiple surtax exemptions thereby avoiding federal income tax. Section 269, Int.Rev.Code of 1954. We affirm.[1]

 Appellants first urge that the District Court erred in receiving in evidence over objection the personal tax returns of the principal stockholder, Perdue, and his wife for the years in question because these returns were immaterial to the principal purpose test of Section 269. In Bobsee Corporation v. United States, 5 Cir. 1969, 411 F.2d 231, a case remarkably similar to the one at hand, we held to the contrary. There we said, "The returns of the corporations were relevant to show that they had taken the surtax exemption and *the returns of the individuals were relevant to show that they had benefited by the multi-corporate arrangement.*" *Id.* at 241. (emphasis supplied).

 Taxpayers next contend that the District Court erred in refusing to allow into evidence taxpayers' copies of corporate returns for the years subsequent to those in question to demonstrate the tax disadvantages of having "locked-in losses" which certain of the corporations experienced. It is argued that this would show tax avoidance was not the principal purpose of incorporation. Since both the principal shareholder and his tax adviser testified at length about the tax disadvantages of such losses the tax returns would have been merely cumulative. This "locked-in loss" point was fully explained and argued to the jury. The District Court did not abuse its discretion in refusing to receive the proffered evidence.

Finally, appellants urge error in a charge given to the jury and the failure of the District Court to give a requested charge. We are convinced that the charge as given fully and accurately sets out the factual contentions of both parties and was, when read as a whole, legally correct. *See* McDaniel v. Slade, 5 Cir. 1968, 404 F.2d 607.

Affirmed.

---

1. Pursuant to our Rule 18 this case is decided without oral argument.

