Mississippi Power & Light Co. *et al. v.* Lowe *et al.*

(Division A. June 14, 1937. Suggestion of Error Overruled July 19, 1937.)

[175 So. 196. No. 32782.]

Green, Green & Jackson, of Jackson, and **C. E. Gibson,** of Monticello, for appellants.

**Patterson & Hobbs**, of Monticello, and **Roy Arnold**, of Jackson, for appellees.

386

Argued orally by **Forrest B. Jackson**, for appellant, and by **Roy Arnold**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

Charles Lowe, while crossing a street in the city of Jackson, was struck and killed by a bus owned by the Mississippi Power & Light Company, then being operated by James A. Bennett, its employee. The action is by the father, mother, and the brothers and sisters of Charles Lowe against the power company and Bennett for damages caused them by his death.

Bennett is a citizen of Mississippi, residing in the city of Jackson, in which city all of the appellees also live. Service of process on the Mississippi Power & Light Company was obtained by service thereof on Henry B. Sargent, who lives in Jackson, Miss., and who has been designated by the company as its agent for the service of process on it. The venue of the action was challenged by the Mississippi Power & Light Company as to it, and Bennett requested the court to change the venue to Hinds county, wherein he resides, both of which were overruled.

If these rulings were wrong, the judgment of the court below must be reversed.

The Mississippi Power & Light Company is a Florida corporation with its principal place of business at Jackson, Miss., from which it distributes gas and electricity over a considerable area of territory; its electricity is distributed over a super-power line owned and operated by it, extending into Lawrence county, Miss. It is also engaged in transporting passengers for hire over the streets of Jackson, Miss., by means of motorbusses.

The venue chosen by the appellees is that for suits against an individual or corporation owning and operating a super-power line provided by section 496, Code of 1930, which is as follows: ''Actions against any railroad, express, steamboat, power, super-power, telegraph or telephone corporation, or against individuals owning, managing, operating or controlling a railroad, express line or route, steamboat, power, super-power, telephone or telegraph line, or against any corporation or individuals owning, managing, operating or controlling a motor transportation line for the conveyance of passengers, freight or express, for hire, over the highways in the State of Mississippi, may be brought in any county in which any part of such railroad, express line or route, steamboat way, power, super-power, telephone or telegraph line or motor transportation line or route may be.''

If the suit was properly brought against the Mississippi Power & Light Company, Bennett was without the right to have it removed to the county of his residence. In support of their contention that section 496 does not here apply, the appellants say that the Mississippi Power & Light Company is a corporation having three distinct characters: (1) That of a distributor of electricity; (2) that of a distributor of gas; and (3) that of a common carrier of passengers within the city of Jackson; and that Lawrence county is the appropriate venue only for actions against the Mississippi Power & Light Com-

pany which arose in connection with the distribution by it of electricity over its super-power lines. In support of this contention they cite 9 Fletcher, Cyc. Corp., section 4357, where the author says: "A corporation, having two or more characters with the venue not the same, should be sued in that venue appropriate to the character involved in the action, e. g., where it is a banking and also an insurance corporation." What the author is there referring to is venue determined by the character of the cause of action sued on, and not venue determined by where the corporation may be found doing business. This clearly appears from Wytheville Ins. Co. v. Stultz, 87 Va. 629, 13 S. E. 77, the only case cited in support of the text, wherein a corporation doing both a banking and insurance business was sued on an insurance policy in a jurisdiction designated by a statute for the venue of suits on insurance policies.

The venue fixed by section 496, Code of 1930, is that where the corporation may be found owning, operating, or controlling certain characters of public utilities. The statute covers all suits against such a corporation, and contains no language indicating that it is limited to causes of action which arose out of or are connected with activities in aid of the public utility, and there is nothing in the statute when construed alone or in connection with others that would justify us in interpreting it so as to so limit it. The statute applies equally in all respects to individuals and both domestic and foreign corporations, and therefore is not subject to the appellants' criticism that it deprives foreign corporations of the equal protection of the law.

None of the other assignments of error justify a reversal of the judgment of the court below, and present only questions fully covered in our past decisions.

Affirmed.