## BEAN *v.* CLARK

No. 39986 February 27, 1956 85 So. 2d 588

*Roach & Jones*, McComb, for appellant.

*Cassidy, McLain & Pigott,* McComb, for appellee.

McGEHEE, C. J.

In this case the plaintiff, June Clark, a resident citizen of Pike County, Mississippi, sued the appellant,

Eldridge R. Bean, a resident citizen of said county, and also B. B. Dean, a nonresident, in an action for damages for personal injuries resulting from an automobile accident. The said resident defendant was charged with negligence in the operation of the automobile owned by the nonresident defendant, who was a passenger in the automobile at the time of the accident.

Personal service of process was had upon the resident defendant on March 7, 1955, and the suit was returnable to the March 1955 term of the Circuit Court of Pike County, Mississippi, which convened on Monday, March 21, 1955. There was service of process had upon the resident agent of the nonresident defendant on February 14, 1955. A judgment was demanded against both defendants in the sum of $15,000.

On March 7, 1955 the nonresident defendant filed his petition for a removal of the cause to the District Court of the United States, Jackson Division of Mississippi, together with his bond in that behalf.

It is asserted in the brief of the appellant, who was the resident defendant in the trial court, that when this case was called on the docket of the Circuit Court in Pike County, it was made known that a petition and bond had been filed by the nonresident defendant for the removal of the cause to the Federal Court, and that it was announced in open court that the cause had been so removed; that a notation was made on the issue docket: "Transferred to Fed. Ct. 3-21-55." We must assume that this statement in the brief of the appellant is true, since the same is unchallenged. That it was understood by the counsel representing the nonresident defendant, who also represented the resident defendant, that the entire cause had been removed to the Federal Court and that no further proceedings would be had in the circuit court unless and until the cause was remanded from the Federal Court; and that therefore no answer to the declaration was filed by the resident defendant except in the Federal Court.

No plea or answer having been filed in the circuit court by the resident defendant, it appears that on April 1, 1955, the plaintiff filed a motion for a judgment by default against the resident defendant, and for a writ of inquiry to assess the damages. It was so ordered, and a judgment by default was rendered against the resident defendant in favor of the plaintiff in the sum of $2,500 and all costs. The appeal here is taken by the resident defendant from that judgment.

On July 28, 1955, an order was rendered by the circuit judge, upon motion of the attorneys for the resident defendant, directing that the entry made by the court on its issue docket hereinbefore mentioned, be transcribed and included in the record of this cause on the appeal to this Court.

 It is asserted in the brief of appellant, and the statement is unchallenged, that the attorneys for the resident defendant did not learn of the motion for, nor the rendition of, the default judgment until sometime after the adjournment of the March term of the court. We are of the opinion that under Sections 1441-1447, inclusive, Vol. 28, U.S.C.A., that the filing of the petition and bond by the nonresident defendant for a removal of the cause to the United States District Court, effected the removal of the entire cause and that no further proceedings could thereafter be had in the circuit court where the suit had been filed, unless and until the cause is remanded by the Federal Court to the State Court. Paragraph E of said Section 1446 provides: "Promptly after the filing of such petition and bond the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the petition with the clerk of such State Court, which shall effect the removal and the State Court shall proceed no further unless and until the case is remanded." See also Hopson v. North American Insurance Company, 71 Idaho 461, 233 P. 2d 799, wherein the Court said, among other things, that "We hold that under 28 U.S.C.A. Section

1446, a case is removed from the jurisdiction of the State court upon a compliance with the procedural steps therein set forth for all purposes until and unless it is subsequently remanded to such State court; that until and unless the case is remanded no valid proceedings can be taken in the State court at any time following the filing of such petition and bond and giving notice thereof to all adverse parties and filing a copy of the petition with the Clerk of the State court; furthermore, that any action so taken in the State Court thereafter and prior to remanding the cause to such State court, will have no force or effect.''

Appellee invokes Article III, Section 2, paragraph one of the Constitution of the United States, to the effect that the judicial power shall extend to all cases, and to controversies between citizens of the same states, etc., and also cites the Tenth Amendment to the Constitution of the United States and then contends that any attempt by the Congress to take from the State Courts the jurisdiction of a cause of action between citizens of the same state is in violation of Articles IX and X of the Constitution of the United States, and that the State Court in the instant case should not be divested of jurisdiction of this cause of action as between the plaintiff and the resident defendant. But without regard to whether or not the Tenth Amendment of the United States Constitution is still in good working order, we have concluded that the provisions of the acts of Congress as to the effect of the filing of a petition and bond by a nonresident for the removal of the cause from the State Court to the Federal Court require that the default judgment entered in this cause must of necessity be reversed, and the cause remanded to await the action of the Federal Court as to whether or not the case in its entirety shall be remanded to the State Court.

Reversed and remanded.

*Lee, Holmes, Arrington,* and *Ethridge,* JJ., concur.