336 So.2d 753 (1976)
MISSISSIPPI POWER COMPANY
v.
Everett LUTER.
No. 48703.
Supreme Court of Mississippi.
August 17, 1976.
Rehearing Denied September 21, 1976.
*754 Eaton, Cottrell, Galloway & Lang, Ben H. Stone, L. Kenneth Krogstad, Eaton A. Lang, Jr., Gulfport, Deavours, Weems & Gilchrist, Laurel, for appellant.
Estes & Blackwell, Gulfport, David Massey, Laurel, Pittman & Nobles, Jackson, for appellee.
Before INZER, SUGG and BROOM, JJ.
SUGG, Justice, for the Court:
Everett Luter was awarded judgment for $162,500 against the defendant, Mississippi Power Company, for injuries received when a television antenna came into contact with an overhead electrical distribution line. We reverse and remand for a new trial.
The issues are: (1) Is Mississippi Code Annotated section 11-11-5 (1972) unconstitutional? (2) Did the Circuit Court err by selecting a jury after this case had been removed to Federal District Court and before it was remanded? (3) Was the defendant entitled to a peremptory instruction because plaintiff's negligence was the sole proximate cause of his injuries and because plaintiff failed to meet the burden of proof on the question of foreseeability?

I
Plaintiff contends that Mississippi Code Annotated section 11-11-5 (1972) violates the provisions of Art. 3, § 14 Miss. Const. 1890,[1] and Section 1 of the Fourteenth Amendment to the United States Constitution.[2] Section 11-11-5 is a venue statute and permits suits against power companies in any county in which a company may have a power line.
Defendant's argument that it is denied equal protection under the law by the venue statute is predicated on the fact that all public utilities listed in the Public Utilities Act (Mississippi Code Annotated section 77-3-1 et seq. (1972)) are not included in the venue statute. This argument overlooks the fact that the statutes have different purposes. The venue statute was enacted for the purpose of fixing venue in certain cases, whereas, the public utilities act has for its purpose the regulation of certain public utilities by the Public Service Commission. All electrical power companies receive the same treatment under this venue statute; therefore, the fact that all public utilities are not included in both the venue statute and the public utilities act does not deprive defendant of due process or deny it equal protection of the laws.
Art. 3, § 14 Miss.Const. of 1890 and section 1 of the Fourteenth Amendment to the United States Constitution safeguard fundamental rights and do not extend to the forum which the state may designate for the protection of such rights. Discretion under the venue statute, providing for trial of a case in any one of several counties, *755 does not violate the guarantee of the equal protection of law. 77 Am.Jur.2d Venue § 3 at 835 (1975).
We held the venue statute (Mississippi Code Annotated section 11-11-5) was constitutional in Mississippi Power & Light Co. v. Lowe, 179 Miss. 377, 175 So. 196 (1937) [appeal dismissed 302 U.S. 644, 58 S.Ct. 123, 82 L.Ed. 501 (1937)] and the argument by defendant in this case does not persuade us that our holding in Lowe should be changed.

II
The next argument of defendant is well taken and requires reversal of this case. On April 24, 1974 this case was removed to the U.S. District Court of the Southern District of Mississippi. On April 25, 1974 the case was called in the Circuit Court of Smith County and a jury was selected and impanelled over the objection of defendant. The jury was permitted to disperse and was reconvened to try the case after the case was remanded to the Circuit Court from Federal District Court. Defendant objected on the ground that the court had no jurisdiction to impanel the jury after the case was removed to Federal District Court.
This Court held in Bean v. Clark, 226 Miss. 892, 85 So.2d 588 (1956) that, when a case is removed to a Federal District Court under 28 U.S.C.A. § 1446, the state court shall not proceed after defendants give written notice of removal to all adverse parties and file a copy of the petition of removal with the clerk of such state court.[3] We also held that any action taken in the state court thereafter before remand, had no force or effect. The jury in this case was impanelled without authority of law and any verdict rendered by it was a nullity.

III
Plaintiff has resided on Rhorer Avenue in Gulfport since 1946. Defendant erected its power line in 1946 and from the time of erection to the time of the accident on June 4, 1973, the only changes made in the high voltage transmission line were to increase the voltage from 2300 to 13,200 volts and install a new transformer. The high voltage line was located 24.3 feet above ground level at the point where the antenna came in contact with it.
In 1965 plaintiff's outdoor television antenna was on a mast attached to his house at the end of the gable; the mast was 24.95 feet in length. The antenna portion was destroyed during Hurricane Betsy in 1965 and thereafter plaintiff utilized "rabbit ears" to receive his television signal. About one month prior to the accident, plaintiff requested his nephew, Matthew Walker, to install a new antenna which had been given to him by his daughter. Walker took down the old mast, and attached to it an additional five foot extension along with the new antenna. He did not erect the antenna on that day because he did not have either the guy wires or the lead-in wires necessary to complete the installation. Matthew left the antenna and mast in the yard propped on an old television cabinet adjacent to plaintiff's home.
On the day of the accident plaintiff moved the antenna from the yard because he felt it was dangerous for his grandchildren to play in the yard with the antenna in that position. He propped it up in a medium size Magnolia tree located in front of his house between his house and the high voltage line. Plaintiff has no recollection of how the accident occurred but he was found seated in a metal lawn settee with burns on the back of his neck extending through his body to his foot. The antenna extended through the tree and was in contact with the 13,200 high voltage line overhead.
*756 Defendant contends that the accident resulted solely from the negligence of plaintiff and it could not foresee the accident happening as it did.
In Mississippi Power & Light Company v. Shepard, 285 So.2d 725 (Miss. 1973) this Court, in an opinion by Presiding Justice Rodgers reviewed the Mississippi cases dealing with accidents caused from persons coming in contact with high voltage lines and set forth clearly the duties of companies operating high voltage electric lines.
In Shepard, it was pointed out that since 1907 this Court has bound corporations handling the dangerous agency of electricity to the very highest measure of skill and care in dealing with this deadly agency. (285 So.2d at 730). Shepard also reaffirmed the rule that a public utility company must place its wires so they are not dangerous to persons and property. It is the continuing duty of the utility to maintain its wires over streets and highways in such a manner that they will not become dangerous to persons and property. The Court also recognized that the duty is not absolute. The utility is not an insurer against all injuries in any event, however, the rule is not satisfied so as to relieve the utility from liability unless and until it is shown that the company has exercised the highest degree of care to prevent the danger (285 So.2d at 732).
On the question of foreseeability, Shepard reaffirmed the proposition that:
It is not necessary that the particular injury should be anticipated, but that some injury would reasonably be anticipated, and, if the negligence of the defendant was a continuing and contributing cause of the injury, the defendant is liable. (285 So.2d at 734) (Emphasis supplied).
Furthermore, in Galloway v. Singing River Electric Power Association, Inc., 247 Miss. 308, 152 So.2d 710 (1963) we stated:
Appellee was required to exercise the highest degree of care in maintenance of the power lines. It is common knowledge that in most, if not all, parts of Mississippi not within the immediate area of a television station, practically all houses contain televisions, even the humblest. In these areas the antennas extend to considerable heights. The jury would be justified in finding that in the exercise of the proper degree of care appellee should have known of the proximity of String-fellow's television antenna to its power lines. We hold that the question of notice was for determination of the jury. (247 Miss. at 313-14, 152 So.2d at 712).
Defendant contends that it had erected its lines in accordance with minimum requirements of the National Electric Safety Code and thereby had observed the care required of it. However, in Galloway we held that compliance with the National Electric Safety Code is not conclusive on the question of due care. Although compliance is a relevant fact on the question, compliance only relieves the utility of the charge of negligence per se. If defendant had failed to comply with the minimum requirements it would be guilty of negligence per se.
Defendant says this accident was nor foreseeable because the antenna would not have made contact with the high voltage line if it had fallen from the point of the original installation. The exhibit of the defendant shows however, that had the antenna been erected at the corner of the porch on the house it would have made contact with the high voltage line in the event it fell.
This action of the plaintiff constituted negligence and the jury was properly instructed that plaintiff was guilty of negligence as a matter of law. In Defendant's Instruction No. 14 the jury was told to find for the defendant if plaintiff's negligence was the sole proximate cause of the accident. Defendant's Instruction No. 15 was a contributory negligence instruction given under our comparative negligence statute. Mississippi Code Annotated section 11-7-15 (1972).
*757 Plaintiff was not required to install the antenna at the gable of his house where it was originally installed, but had the right to use his property up to the boundary line. Henderson v. Kansas Power & Light Company, 184 Kan. 691, 339 P.2d 702 (1959), cited with approval in Shepard.
In Shepard the Court concluded its discussion of the question of foreseeability as follows:
After having reviewed the authorities, we have reached the conclusion that the question as to whether or not the defendant power company should have anticipated that persons using due regard for their own safety in constructing, erecting and using television antennas in the congested area of Hollandale would likely come into contact with its dangerous power lines so that it was the Power Company's duty to isolate, insulate or guard its lines against the likelihood of such contact with its lines by the lawful use of the inhabitants, and the issue as to the necessity of a warning and whether or not the Power Company failed to perform its duty in this regard were questions of fact for the jury. We hold that the court properly submitted these issues to the jury for its determination. (285 So.2d at 739).
Although the facts in this case are different from the facts in Shepard, the rule of law in Shepard is controlling. A jury issue was made on the question of whether the defendant should have isolated, insulated or guarded its lines against the likelihood of contact by the plaintiff exercising his lawful rights. The necessity of a warning by the defendant was also a jury issue. These were issues of fact for determination by a jury. The court properly refused the peremptory instruction requested by the defendant.
This case was considered by a conference of the Judges en banc. All Justices concur on propositions I and II. Presiding Justice Inzer and Justices Smith and Robertson dissent on the issue discussed in proposition III, being of the opinion that the defendant was entitled to a peremptory instruction.
REVERSED AND REMANDED FOR A NEW TRIAL.
PATTERSON, P.J., and BROOM and LEE, JJ., concur.
INZER, P.J., and SMITH and ROBERTSON, JJ., concur in part and dissent in part.
GILLESPIE, C.J., and WALKER, J., took no part.
INZER, Presiding Justice (dissenting):
While I agree that this case must be reversed, it is my opinion that it should be reversed and a judgment entered here in favor of the appellant. The sole cause of the accident and resulting injuries to Mr. Luter were his own negligence. The majority correctly holds that he was guilty of negligence as a matter of law and I dissent from the holding that his negligence was not the sole cause of the accident and that the accident was reasonably foreseeable by the power company.
The facts reveal that the transmission line in question was constructed at the edge of the street and not on private property. The line as constructed and maintained was safe for the ordinary use of the street and adjacent property. There were no antennae conflict in this area, and insofar as the record reveals, no other accident has occurred as a result of the manner in which the line was maintained. Mr. Luter admits that he was well aware that the transmission lines were adjacent to his property. Although Mr. Luter says he does not remember putting the antenna up into the tree, he does remember that he intended to do so. The photographs in evidence show that the tree is of medium size and no higher than the mast to which the antenna was attached. It is apparent that no one unassisted could put a 29 foot mast with an antenna attached thereto up into the tree without seeing the transmission lines. While Mr. Luter had a right to put the antenna up into the tree on his own property, *758 he had no right to encroach upon the easement of the power company and place the antenna where it would come into contact with one of its transmission lines. When he chose to do so, he was negligent, and in my opinion this negligence was the sole cause of the accident and his resulting injuries.
Mr. Briggs, an expert who testified on behalf of Mr. Luter, said it was unreasonable and highly dangerous for Mr. Luter to put the antenna up into the tree so near the transmission lines, when he could have placed it a reasonable distance from the lines. In spite of this testimony the effect of the holding by the majority is that the power company should have anticipated that some person would be injured by the manner in which it maintained its transmission lines, although such person acted in a foolish and unreasonable manner. I do not believe that this could be the law of this state or any other jurisdiction. In Mississippi Power Co. v. Nail, 211 So.2d 815 (Miss. 1968), we adopted the following statement from Le Vonas v. Acme Paperboard Co., 184 Md. 16, 40 A.2d 43 (1944):
In accordance with these basic principles, the law does not require that a person, who maintains even so deadly an instrumentality as a high voltage electric wire, shall anticipate at his peril every possible fortuitous circumstance under which some person might make a contact with the wire, resulting in injury or death. * * * Electricity is now used so universally in city and country, in home and in business, for illumination and motive power, and for communication and transportation, that it is a matter of common knowledge that any line carrying electric current is dangerous to a more or less degree. The fact that a wire is charged with electric current is notice of danger, and any person mindful of his safety should treat it with caution. (211 So.2d at 820).
The majority relies on Mississippi Power & Light Co. v. Shepard, 285 So.2d 725 (Miss. 1973), and other cases cited therein in support of its holding that the power company should have anticipated and guarded against unusual, exceptional and unreasonable acts. While the case before us can be readily distinguished from Shepard, the opinion states, among other things:
"Conversely, the law is complied with when an electric or telephone company or others engaged in the transmission or use of electricity provide such a protection as will safely guard against any contingency that is reasonably to be anticipated. The extent of the duty or standard of care is measured in the terms of foreseeability of injury from the situation created. There is no duty to safeguard against occurrences that cannot be reasonably expected or contemplated. A failure to anticipate and guard against a happening which would not have arisen but for the exceptional or unusual circumstances is not negligence, nor does the law require those maintaining power transmission lines to anticipate every possible fortuitous circumstance that might cause injurious contacts with those lines.

The factor of foreseeability also enters into the question of proximate cause, which is subsequently discussed. Assuming that one engaged in the transmission or use of electricity has been negligent, such negligence cannot be said to be the proximate cause of the injury unless, under all the circumstances, the injury might have been reasonably foreseen." 26 Am.Jur.2d Electricity, Gas and Steam § 43 at 252-253 (1966).
(Emphasis added). (285 So.2d at 733).
The events in this case were certainly not only unusual and exceptional, but they were also unreasonable and dangerous acts according to appellee's own witness and his testimony in this regard is uncontradicted. I am unable to see how it can be said that the actions of the power company were a proximate cause of the injury.
We have said many times in many cases, that a power company is not an insurer and is not required to guard against occurrences that cannot be reasonably expected or contemplated. *759 However, in this case we only give lip service to the rule and the effect of the majority holding is to make the power company an insurer. It is difficult for one to imagine a state of facts where the power company cannot be held liable where a person is injured by contact with one of the lines carrying electricity.
It was my opinion that this Court went too far in Shepard and in effect made the power company an insurer. The decision in this case leaves little, if any, doubt of that fact. In my opinion the facts of this case and the law require that a judgment be entered here for the appellant and I would so hold.
SMITH and ROBERTSON, JJ., join in this dissent.
Rehearing denied; Gillespie, C.J., and Walker, J., took no part.
Inzer, P.J., Smith and Robertson, JJ., dissented.
NOTES
[1] Art. 3, § 14 Miss.Const. 1890:

No person shall be deprived of life, liberty, or property except by due process of law.
[2] U.S.Const. amend. XIV, § 1:

All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.
[3] 28 U.S.C.A. § 1446(e):

Promptly after the filing of such petition and bond the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the petition with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.