United States Court of Appeals,

Fifth Circuit.

No. 95-10645

Summary Calendar.

Jean K. HERRON, Plaintiff-Appellant,

v.

CONTINENTAL AIRLINES, INC., and Peter Armstrong, Defendants-Appellees.

Jan. 23, 1996.

Appeal from the United States District Court for the Northern District of Texas.

Before KING, SMITH and BENAVIDES, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Jean Herron appeals the dismissal of her claims against Continental Airlines, Inc. ("Continental"), and Peter Armstrong. Because we find that the district court lacked jurisdiction, we vacate and remand to the district court with instructions to remand to state court.

I.

Armstrong is a private process server whom Continental enlisted to serve process on Herron's husband at his Dallas home. When Armstrong arrived, Mrs. Herron was home alone, five months pregnant, and resting because of complications from the pregnancy. Armstrong repeatedly rang the Herron's buzzer, even after Mrs. Herron informed him that her husband was not at home. Armstrong finally left, but only after shining a bright light into the home. The following day, as Mrs. Herron was entering her driveway,

1

Armstrong served process by putting papers under her windshield wiper. According to Mrs. Herron, Armstrong "flashed something shiny in his hand" and "yelled something." Mrs. Herron now alleges that Armstrong's efforts caused her to become enraged and disoriented and to begin experiencing stomach cramps.

Mrs. Herron sued in state court against Armstrong and Continental, alleging only state-law tort claims. The defendants removed to federal court, and the district court dismissed Herron's claims.

## II.

Herron argues that the district court did not have jurisdiction over her state-law claims and should have granted her motion to remand to state court. We review *de novo* a denial of remand after removal. *Burden v. General Dynamics Corp.,* 60 F.3d 213, 216 (5th Cir.1995); *Leffall v. Dallas Indep. Sch. Dist.,* 28 F.3d 521, 524 (5th Cir.1994). Removal statutes are strictly construed against removal. *Id.* at 524; *Brown v. Demco, Inc.,* 792 F.2d 478, 482 (5th Cir.1986).

The defendants maintain that the district court had jurisdiction for two reasons. First, they argue that Armstrong, as a process server, was an officer of the court and entitled to removal under 28 U.S.C. § 1442(a)(3), which permits the removal of a case when the defendant is "[a]ny officer of the courts of the United States, for any act under color of office or in the performance of his duties...." Neither this section nor any other federal statute defines the term "officer of the court." No other

2

court of appeals has addressed the issue of whether a private process server is an "officer of the court" within the meaning of § 1442.[1]

We conclude that Armstrong was not an officer of the court. Our decision is guided by *Cammer v. United States,* 350 U.S. 399, 76 S.Ct. 456, 100 L.Ed. 474 (1956), holding that an attorney was not a court "officer" within the ordinary meaning of that term:

> Certainly nothing that was said in *Ex Parte Garland*[, 4 Wall 333, 18 L.Ed. 366 (1866) ] or in any other case decided by this court places attorneys in the same category as marshals, bailiffs, court clerks or judges. Unlike these officials a lawyer is engaged in a private profession, important though it be to our system of justice. In general he makes his own decisions, follows his own best judgment, collects his own fees and runs his own business. The word "officer" as it has always been applied to lawyers conveys quite a different meaning from the word "officer" as applied to people serving as officers within the conventional meaning of that term. We see no reason why the category of "officers" subject to summary jurisdiction of a court under § 401(2) should be expanded beyond the group of persons who serve as conventional court officers and are regularly treated as such in the laws.

*Id.* at 405, 76 S.Ct. at 459 (citations omitted). Like the attorney in *Cammer,* a private process server "makes his own decisions, follows his own best judgment, collects his own fees and runs his own business." He is not a conventional court officer as are "marshals, bailiffs, court clerks or judges." We therefore conclude that private process servers are not "officers of the courts of the United States" within the meaning of § 1442.[2]

---

[1]*But see In re Betts,* 165 B.R. 233 (Bankr.N.D.Ill.1994) (holding that a court-appointed special process server was entitled to quasi-judicial immunity).

[2]We do not attempt to fashion a definition of "officer of the court," nor do we opine as to whether attorneys are "officers of the courts of the United States" within the meaning of § 1442.

3

The cases cited by the defendants are unconvincing. *See Klein v. Robinson,* 328 F.Supp. 417, 420 (E.D.N.Y.1971), *aff'd,* 468 F.2d 619 (2d Cir.1972) (per curiam); *Simpson v. McVey,* 217 F.Supp. 575 (S.D.Ohio 1963). These cases all involved lawsuits against federal marshals engaged in serving process. Marshals do fall within the conventional meaning of "officers of the court," as *Cammer* recognized. 350 U.S. at 405, 76 S.Ct. at 459.[3]

The defendants also maintain that the district court had jurisdiction under 28 U.S.C. § 1441(b), which declares that federal courts "have original jurisdiction founded on a claim or right arising under the ... law ... of the United States." The defendants maintain that Herron's complaint, although alleging only Texas tort claims, was founded on a claim or right arising under the law of the United States, inasmuch as the alleged tortious conduct occurred while Armstrong was serving process pursuant to FED.R.CIV.P. 4.

This argument is without merit. "Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit." *Gully v. First Nat'l Bank,* 299 U.S. 109, 115, 57 S.Ct. 96, 99, 81 L.Ed. 70 (1936). A claim "arises under" federal law when federal law supplies an essential element of the claim. *Id.* "[I]t must appear from the complaint that the

---

[3]Section 1442(a)(3) requires both that the defendant be an "officer of the court" and that he raise a federal defense. Because Armstrong is not an "officer of the court," we find it unnecessary to decide whether he raised a federal defense.

4

construction of a federal statute will have an adverse effect on the right of recovery if the statute is construed in one way rather than another way." *Eastern Air Lines, Inc. v. Flight Eng'rs Int'l Ass'n,* 340 F.2d 104, 106 (5th Cir.) (quoting *Dickson v. Edwards,* 293 F.2d 211, 215 (5th Cir.1961) (en banc)), *cert. denied,* 382 U.S. 811, 86 S.Ct. 23, 15 L.Ed.2d 59 (1965). Rule 4 does nothing more than describe the procedure for serving process. It does not supply an essential element of any of Herron's state-law tort claims, nor is the construction of rule 4 likely to have an adverse effect on her right of recovery. Removal was not proper under § 1441.

Because the court lacked jurisdiction over Herron's state-law claims, it did not have the power to dismiss those claims. The judgment of dismissal is VACATED, and this case is REMANDED to the district court with instructions to remand to state court.