# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2002-CP-00413-SCT

*DREW ALLEN RAYNER*

*v.*

*RAYTHEON COMPANY*

## ON MOTION FOR REHEARING

| | |
|---|---|
| DATE OF JUDGMENT: | 11/29/2001 |
| TRIAL JUDGE: | HON. JERRY O. TERRY, SR. |
| COURT FROM WHICH APPEALED: | STONE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEYS FOR APPELLEE: | DAVID C. GOFF |
| | PEYTON S. IRBY |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | AFFIRMED AS MODIFIED - 10/16/2003 |
| MOTION FOR REHEARING FILED: | 03/27/2003 |
| MANDATE ISSUED: | |

### EN BANC.

### PITTMAN, CHIEF JUSTICE, FOR THE COURT:

¶1.    The motion for rehearing is denied.  The prior per curiam affirmance is withdrawn, and this opinion is substituted therefor.

¶2.    Representing himself, Drew Allen Rayner sued Raytheon Company in the Circuit Court of Stone County alleging that Raytheon breached a contract in which it agreed not to withhold federal income taxes from his retirement account.  Based on diversity of citizenship and federal question jurisdiction, Raytheon removed the case to the U.S. District Court for the Southern District of Mississippi.  Rayner filed a motion

to remand. The federal district court entered a Final Judgment and Memorandum Opinion on August 14, 2001, dismissing the case for lack of subject matter jurisdiction and denying the motion to remand.

¶3. Rayner then filed an application for default judgment, petition for summary judgment and supporting brief in the same action in the Circuit Court of Stone County. After a hearing, the circuit court ruled that the federal district court had determined all rights and liabilities of the parties and that the circuit court lacked subject matter jurisdiction. Therefore, the circuit court dismissed with prejudice. On appeal, we modify the dismissal by the circuit court to be for lack of jurisdiction and affirm it as so modified.

## DISCUSSION

¶4. Jurisdictional questions are subject to de novo review. *Sorrells v. R & R Custom Coach Works, Inc.,* 636 So.2d 668, 670 (Miss. 1994). When faced with jurisdictional issues, this Court sits in the same position as a trial court, with all facts as set out in the pleadings or exhibits, and may reverse regardless of whether the error is manifest. *McCain Builders, Inc. v. Rescue Rooter, LLC*, 797 So.2d 952, 954 (Miss. 2001).

### I. WHETHER THE CIRCUIT COURT ERRED IN DISMISSING RAYNER'S LAWSUIT FOR LACK OF JURISDICTION.

¶5. The circuit court properly denied Rayner's application for default judgment and dismissed the action for lack of jurisdiction. The circuit court lacked jurisdiction over this case once it was removed to federal district court.

¶6. The effect of removing an action to federal court is specified in 28 U.S.C. § 1446(d), which provides in part:

> Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the

2

notice with the clerk of such State court, *which shall effect the removal and the State court shall proceed no further unless and until the case is remanded*.

28 U.S.C. § 1446(d) (emphasis added). Thus, once removed to federal court, a case remains within the jurisdiction of the federal courts until an order is entered remanding the matter back to the state court.

¶7.    Previously, this Court considered this same issue and stated:

> This Court held in **Bean v. Clark**, 226 Miss. 892, 85 So.2d 588 (1956) that, when a case is removed to a Federal District Court under 28 U.S.C.A. §1446, the state court shall not proceed after defendants give written notice of removal to all adverse parties and file a copy of the petition of removal with the clerk of such state court. We also held that any action taken in the state court thereafter before remand, had no force or effect.

**Miss. Power Co. v. Luter**, 336 So. 2d 753, 755 (Miss. 1976) (footnote omitted). *See also* **Moore v. Interstate Fire Ins. Co.**, 717 F. Supp. 1193, 1195 (S.D. Miss. 1989).

¶8.    In the instant case, the district court denied Rayner's motion to remand. **Rayner v. Raytheon, Co.**, Civ. A. No. 1:00cv547GR (S.D. Miss. 2001). Without a remand by the federal court, the circuit court lacked jurisdiction to proceed further. 28 U.S.C. § 1446(d).

¶9.    We modify the decision of the circuit court only to the extent that dismissal was *with prejudice*. Generally, a dismissal with prejudice connotes an adjudication on the merits. *See generally* **Foundry Sys. & Supply, Inc. v. Indus. Dev. Corp.**, 185 S.E.2d 94, 95 (Ga. Ct. App. 1971) (The phrase "with prejudice" in [the context of when an action is dismissed with prejudice] means an "adjudication on the merits and final disposition, barring the right to bring or maintain an action on the same claim or cause. **Pulley v. Chicago, R.I. & P.R.**, 122 Kan. 269, 251 P. 1100 (1927). Black's Law Dictionary, 4th ed., p. 555"). Thus, lacking jurisdiction, the circuit court was without authority to address the merits. The circuit court should have simply dismissed this case for lack of jurisdiction.

3

¶10. Because this case is in the federal courts, Rayner's only remedy in this case was to appeal the order of the district court to the United States Court of Appeals for the Fifth Circuit. As a matter of law, until there is a remand order, the state court cannot proceed in a case that has been removed to federal court.

## CONCLUSION

¶11. Until remanded, this case remains in the jurisdiction of the federal court. We modify the dismissal by the Circuit Court of Stone County to be for lack of jurisdiction and affirm the dismissal as so modified.

¶12. **AFFIRMED AS MODIFIED.**

**SMITH, P.J., WALLER, COBB, CARLSON AND GRAVES, JJ., CONCUR. McRAE, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY EASLEY, J. DIAZ, J., NOT PARTICIPATING.**

**McRAE, PRESIDING JUSTICE, DISSENTING:**

¶13. Two wrongs do not make a right. This case demonstrates how removal jurisdiction can be used by defendants as a strategy for delay and confusion. As illustrated by the federal district court's ruling in this case, the federal courts are overwhelmed to the point of "bad law" by the repeated efforts of defendants to invoke federal court jurisdiction in an attempt to halt state court actions and drag out the proceedings. The district court's erroneous order, dismissing the plaintiff's action for lack of subject matter jurisdiction but denying a remand to state court, is a "classic tale" of the mishandling of matters due to the overwhelming caseload placed upon our federal courts. The district court's erroneous order then prompted the circuit court's erroneous order which led to this appeal and the resulting majority opinion which has cast

4

aside the complexity of the issues.  Because the circuit court erred in ordering dismissal of the plaintiff's action after the federal court dismissal, I dissent.

¶14.    The facts of this case provide a vivid sample of the  scenarios being played out in federal courts concerning removal.  In November, 2000, Drew Allen Rayner (Rayner) filed his complaint in the Circuit Court of Stone County, Mississippi against Raytheon Company (Raytheon) claiming "willful, wanton, and unlawful acts of breach of contract, and conversion."  His claims centered around certain documents executed between himself and Raytheon.  Rayner argued he had signed certain contractual documents with regard to his retirement benefits.   His complaint does not allege any federal causes of action.  Rayner also chose to represent himself and did not retain counsel.

¶15.    In December, 2000, one month after the complaint was filed, Raytheon filed a notice for removal with the U.S. District Court for the Southern District of Mississippi, Southern Division and a notice of removal in the circuit court.  In March, 2001, within 6 weeks after the removal notice was filed, Rayner filed a remand motion in the district court.  For seven months, Rayner diligently pursued his motion for remand attempting to secure a hearing on the matter.  Ultimately, the district court issued an order in September 2001, denying Rayner's motion for remand and dismissing the action.  The district court order specifically provided  that " this case [is] dismissed, sua sponte, for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure . . . plaintiff's motion to remand be and is hereby, denied as moot."  The memorandum opinion, which causes much of the confusion here, provided:

> Rayner is actually challenging federal income tax withholding regulations. . . . Because the
> United States is not a party to this action, and Raytheon is not the proper party to assert
> this claim against, Rayner has failed to state a claim upon which relief can be  granted. . .
> . For the above stated reasons, this Court finds that this case should be dismissed for lack
> of jurisdiction.  This determination renders the plaintiff's motion to remand moot, and the

5

Court concludes that it should be denied. A separate Final Judgment in conformity with and incorporated by reference the foregoing Memorandum Opinion shall issue this date.

(citations omitted). Rayner's motion for rehearing was likewise denied. Both of these orders were without prejudice.

¶16.    Finally, in October 2001, one year after the lawsuit was initially filed, Rayner went back to the Circuit Court of Stone County and filed a motion for a default judgment and summary judgment. After a hearing, the circuit court, in reliance on the district court's order and memorandum opinion, ordered the dismissal of Rayner's action with prejudice. The circuit court found that " the United States District Court for the Southern District of Mississippi, Southern Division . . . entered its Judgment of Dismissal and that all rights and liabilities of the parties have already been determined in that case. . . [t]he Court further finds that this Court is without jurisdiction since the case in this Court was removed to the United States District Court for the Southern District of Mississippi." After Rayner's petition to reconsider was denied, he appealed to this Court.

¶17.    As one can clearly see, Rayner's action is in limbo. Who exactly has jurisdiction over the claims and if both courts lack jurisdiction over the claims then could they legally rule upon the merits? Even if the district court has retained jurisdiction of the action by refusing to remand the case to state court, is the judgment issued which found lack of subject matter jurisdiction appealable to the Fifth Circuit? Where is Rayner's forum and remedy under these circumstances?

¶18.    It is best to start at the very beginning to understand the complexity of the issues presented by the procedural and substantive "mess" wrought by the district court's order and opinion. Under both the federal and state constitutions, every citizen is entitled to access to a court where their disputes and claims may be

6

adjudicated.  U.S. Const. Amends. VII & XIV; Miss. Const. art. 3, §§ 24 & 25.  Effectively, both the state and federal courts have asserted that they lack subject matter jurisdiction over this case.  Where is Rayner's forum?

¶19.     The next part of the analysis concerns whether the action was "removable" within the terms of 28 U.S.C. § 1446; and if not what effect does that have upon whether the action should be remanded?  The procedures and appropriateness of removal of a state court action to federal court are governed by 28 U.S.C. §§ 1446 & 1447.  Section 1446 provides the appropriate time limitations and procedures for removal of a civil or criminal action to federal court.  Section 1447 not only provides procedural but also substantive rules regarding removal.  In order for a party to prevail on removal, it must prove that the federal court has subject matter jurisdiction over the claims asserted by the parties.  28 U.S.C. §§ 1331, 1446.  With regard to the plaintiff's claims, the district court in ruling on a motion to remand must look to the factual and legal allegations contained in the complaint. ***Hebron v. Cont'l Airlines, Inc.***, 73 F.3d 57, 59-60 (5th Cir. 1996); ***Carpenter v. Wichita Falls Indep. Sch. Dist.***, 44 F.3d 362, 365-66 (5th Cir. 1995).

¶20.     Rayner's complaint alleged "breach of contract and conversion."  Neither of these causes of action was premised on claims concerning federal law for which federal courts have subject matter jurisdiction pursuant to 28 U.S.C. § 1331.  Raytheon's notice of removal claimed that subject matter jurisdiction was vested in the federal courts since "plaintiff has made assertions of violations of the Employment Retirement Income Security Act, 29 U.S.C. § 1001 et seq., and possibly the Internal Revenue Code which create[s] a federal question."  Rayner's complaint makes no allegations concerning the Employment Retirement Income Security Act or the Internal Revenue Code.  Rayner's entire complaint centered around claims of

7

breach of contract and conversion. In his verified response and objection to removal, Rayner asserted that the federal court lacked jurisdiction to adjudicate the claims presented as the claims asserted concerned breach of contract and conversion. Rayner also filed the requisite motion for remand again asserting that the federal court lacked jurisdiction.

¶21. Almost one year after the removal and after several continuances of the hearing concerning the removal, the district court finally dismissed the action for "lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure" and denied Rayner's "motion to remand . . . as moot." The memorandum opinion which followed found that "Rayner is actually challenging federal income tax withholding regulations . . . [and] since the United States is not a party to this action, and Raytheon is not the proper party to assert this claim against, Rayner has failed to state a claim upon which relief can be granted."

¶22. Not only did the district court lack subject matter jurisdiction to adjudicate the case, but also no motion to dismiss for "failure to state a claim" pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure was before the federal court for review. In order for the district court to have ruled whether Rayner's complaint "failed to state a claim upon which relief may be granted," a motion would have to be before the court. F.R.C.P. 12(b). Under the facts, no such motion existed. In any event, the federal court lacked subject matter jurisdiction to even entertain such a motion.

¶23. With no subject matter jurisdiction, the district court was obligated to remand the action to state court. The law is clear that "[i]f at anytime before final judgment it appears that the district court lacks subject matter jurisdiction, the case **shall** be remanded." 28 U.S.C.A. § 1447(c) (emphasis added). This statutory mandate does not bestow upon the district court any discretion to deny a remand when it indeed

lacks subject matter jurisdiction. ***Buchner v. FDIC***, 981 F.2d 816, 817 (5th Cir. 1993). Additionally, when the district court lacks subject matter jurisdiction, it does not have the power to dismiss the case, it must remand the case to the state court. ***Hebron***, 73 F.3d at 60.

¶24. Even with its acknowledgment that it lacked subject matter jurisdiction over the case, the district court went even further and denied Rayner's motion to remand and later denied his motion for rehearing. Once the district court found that it lacked subject matter jurisdiction, it was obliged to remand. 28 U.S.C. § 1447(c); ***Buchner***, 981 F.2d at 817. As it stood, the district court, by its own order, lacked subject matter jurisdiction over the matter, but refused to remand the case to the state court.

¶25. In response to the remand denial, Rayner had three options, neither of which guaranteed review of his claims. First, Rayner could have attempted to appeal the district court's denial of remand. Second, Rayner could have continued to proceed in state court. Third, Rayner could have refiled his action in state court.

¶26. Rayner could have attempted to appeal the district court's denial of remand to the Fifth Circuit Court of Appeals. However, an appeal to the Fifth Circuit would have been futile and would have been dismissed. An order denying a motion to remand is not an appealable final judgment. ***Ex parte The Park Square Aut. Station***, 244 U.S. 412, 415-416, 37 S.Ct. 732, 733-734, 61 L.Ed. 1231 (1917); ***Bender v. Pennsylvania Co.***, 148 U.S. 502, 502, 13 S.Ct. 640, 640, 37 L.Ed. 537 (1893); ***Lewis v. E.I. Du Pont De Nemours & Co.,*** 183 F.2d 29, 30-31(5th Cir. 1950). As the district court's denial of Rayner's motion to remand was not a "final judgment," it was not appealable, and any appeal to the Fifth Circuit would have been dismissed.

¶27.   Rayner could have continued to proceed in state court. This is exactly what Rayner chose as his available course of action. After the federal court's denial of remand, Rayner went back to the Stone County Circuit Court and sought a default judgment. However, as things stood, the circuit court looked at the orders of the district court and determined that it lacked jurisdiction.

¶28.   Not all states, when faced with this situation, have found that the state court lacks jurisdiction. For instance, in ***Wilson v. Sandstrom***, 317 So.2d 732 (Fla. 1975), the Florida Supreme Court found that post-removal actions of a state court are not void when removal of a case to federal court is shown to be improper. The court relied on a United States Supreme Court decision and stated that:

> In ***Metropolitan Casualty Ins. Co. v. Stevens***, 312 U.S. 563, 61 S.Ct. 715, 85 L.Ed. 1044 (1941) the Supreme Court rejected a similar argument. Although that case proceeded under an earlier version of the removal law, the jurisdictional prescription was similar.
> 'While the opinion does not expressly consider the effect of a petition for removal on subsequent proceedings in the state court, the clear import of the decision is that the proceedings are valid if the case was not in fact removable.
> **'The rule that proceedings in the state court subsequent to the petition for removal are valid if the suit was in fact not removable is the logical corollary of the proposition that such proceedings are void if the cause was removable.** 312 U.S. at 566, 61 S.Ct. at 717.

*Wilson,* 317 So. 2d at 740-41 (emphasis added). The majority concludes that the circuit court lacked jurisdiction, even though the federal court has already announced that it too lacks jurisdiction. So essentially, Rayner's case was in limbo – neither the district court nor the circuit court has subject matter jurisdiction and the Fifth Circuit would not have reviewed the remand denial because it was not a final judgment. Ultimately, according to the law, the Stone County Circuit Court does have subject matter jurisdiction, and its order of dismissal should be overturned.

¶29. Rayner could have filed a new action in state court based upon the same allegations contained in his original complaint. This option is probably the best option and as luck would have it, is still an available option for Rayner. Under Miss. Code Ann. § 15-1-69 (Rev. 2003) Rayner has the option to refile his action in state court since his action was not only dismissed by the federal court for lack of subject matter jurisdiction, but was also dismissed by the circuit court for lack of subject matter jurisdiction. Section 15-1-69 provides that:

> If in any action, duly commenced within the time allowed, the writ shall be abated, or the action otherwise avoided or defeated, by the death of any party thereto, or for **any matter of form**, or if, after verdict for the plaintiff, the judgment shall be arrested, or if a judgment for the plaintiff shall be reversed on appeal, **the plaintiff may commence a new action for the same cause, at any time within one year after the abatement** or other determination of the original suit, or after reversal of the judgment therein, and his executor or administrator, may in case of the plaintiff's death, commence such new action within the said one year.

(emphasis added). Under this statute, Rayner has one year from the dismissal for lack of subject matter jurisdiction to commence a new action in state court. *See Lowry v. Intern'l Brotherhood of Boilermakers*, 220 F.2d 546 (5th Cir. 1955); *Ryan v. Wardlaw*, 382 So.2d 1078 (Miss. 1980); *Frederick Smith Enter. Co. v. Lucas*, 204 Miss. 43, 36 So.2d 812 (1948); *Hawkins v. Scottish Union & Nat'l Ins. Co.*, 110 Miss. 23, 69 So. 710 (1915). Any such new action will not be subject to the district court's order which dismissed Rayner's case due to lack of subject matter jurisdiction, but refused to remand the action. Furthermore, the federal court's "comments" regarding the merits of Rayner's claims will not subject his new action to the doctrines of res judicata or claim preclusion because those "comments" concerning the merit of his claims were made without subject matter jurisdiction and cannot

11

be used against his new action. *See Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006 (5th Cir. 1998).

¶30.    In light of the present case, it becomes easy to see why removal to federal courts is used as a defense tool and why removal is viewed with such scrutiny. Even the United States Supreme Court has recognized that the process of removal can do more harm than good, and the courts must use "strict construction" when interpreting and implementing the removal statute. *Shamrock Oil & Gas Co. v. Sheets*, 313 U.S. 100, 108-09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). Such scrutiny of the removal statutes is warranted considering its manipulative use against litigants and its obvious impact upon state autonomy. In this regard, the Supreme Court has stated:

> The power reserved to the states under the Constitution to provide for the determination of controversies in their courts, may be restricted only by the action of Congress in conformity to the Judiciary Articles of the Constitution. "Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Healy v. Ratta*, 292 U.S. 263, 270, 54 S.Ct. 700, 703, 78 L.Ed. 1248 (1934) (citations omitted).

313 U.S. at 108-09.   In line with the Supreme Court, the Fifth Circuit has likewise viewed the removal statute with scrutiny. In *Carpenter*, the Fifth Circuit held:

> . . . [B]ecause the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, *see Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 809, 106 S.Ct. 3229, 3233, 92 L.Ed.2d 650 (1986), which mandate strict construction of the removal statute. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). . . .

12

> The removal statute, like the artful pleading doctrine, is designed to afford defendants a federal forum for their federal claims, not to prevent state judges from hearing a state cause of action.

44 F.3d at 366-367 & 371.

¶31.    Jurisdiction over Rayner's case properly belongs in state court. This action should have never been removed, and the district court's denial of remand is clearly error. In my view Rayner could proceed in state court due to the federal court's admitted lack of subject matter jurisdiction. Accordingly, I would reverse the circuit court's judgment and remand this case for further proceedings. For these reasons, I dissent.

**EASLEY, J., JOINS THIS OPINION.**